UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN L. MANLEY,

Plaintiff,

v.

Case No. 26-cv-13760
Honorable Linda. V. Parker

HAMZEY H. SOBH,
IMAN ELSIBAI,
ROSSOMONE BOLTON, and
KELLER WILLIAMS LEGACY,

Defendants.
_______________________________________/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS & SUMMARILY DISMISSING COMPLAINT WITHOUT PREJUDICE**

On October 2, 2026, Plaintiff filed this pro se action against Defendants alleging mail fraud and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341. (*See* ECF No. 1.) Plaintiff also filed an application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915. (ECF No. 2.) The Court is granting Plaintiff's application to proceed IFP but, for the reasons discussed below, is summarily dismissing his Complaint without prejudice for lack of subject matter jurisdiction.

## Background

The lawsuit arises from Plaintiff's agreement to purchase a home from Robin Johnson. (ECF No. 1 at PageID.6.) Defendant Rossamone Bolton was Plaintiff's real estate agent; Defendant Iman Elsibai was Johnson's agent. (*Id.*) Plaintiff claims that, after signing the Purchase Agreement, HUD required and Johnson agreed to purchase new appliances and a new furnace for the home before Plaintiff moved in, and that $10,000 would be put in escrow to do so. (*Id.*)

The appraiser subsequently valued the home for less than the purchase price, and the bank presumably lending Plaintiff the money for the purchase price declined to fund the loan. (*See id.*) Johnson indicated she would only lower the purchase price if Johnson and HUD waived the agreement for new appliances and the $10,000 placed in escrow was returned to her. (*Id.*) Plaintiff and HUD refused to do so. (*Id.*)

Plaintiff then demanded a return of his $1,000 deposit for the purchase of the home, which was being held in escrow, but Johnson refused to release the funds. (ECF No. 1 at PageID.7.) Plaintiff subsequently received a letter from Defendant Hamzey H. Sobh, purporting to be a lawyer with Vanguard Law, PLLC and representing Johnson. (ECF No. 1 at PageID.7, 8; *see also id*. at PageID.16.) In the letter, Sobh accused Plaintiff of breaching the Purchase Agreement by unilaterally withdrawing from the sale. (*Id*. at PageID.16.) Sobh then claimed that

Plaintiff had forfeited his deposit and demanded that he release those funds held in escrow to Johnson. (*Id.*) After asking his real estate agent, Bolton, if he could be sued, and after Bolton said yes, Plaintiff released the escrow funds to Johnson. (*Id.* at PageID.7, 8.)

It appears Plaintiff then succeeded in a lawsuit claiming fraud against Bolton. (*Id.*) Plaintiff then discovered that Vanguard Law does not exist and that the address listed on the letter from Sobh was his home address. (*Id.* at PageID.8.) Based on communications with Sobh, Plaintiff accuses Bolton and Elsibai of conspiring with Sobh to commit mail fraud, as Sobh's letter was sent through the U.S. mail and allegedly was intended to defraud or obtain money under false pretenses. (*Id.* at PageID.8-9.) Plaintiff also sues Defendant Keller Williams Legacy "for respondeat superior and/or negligent supervision." (*Id.* at PageID.10.)

**Applicable Law & Discussion**

In the Complaint, Plaintiff asserts that there is federal question jurisdiction pursuant to 28 U.S.C. § 1331 based on mail fraud, and he cites 18 U.S.C. § 1341.[1] (ECF No. 1 at PageID.4.) Section 1341 ("Fraud and Swindles") is a criminal statute. Generally, "[a] private citizen has no authority to initiate a federal criminal

---

[1] Under federal question jurisdiction, the district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

prosecution; that power is vested exclusively in the executive branch. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only the United States as prosecutor can bring a criminal complaint under RICO)). Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute. *Saro*, 11 F. App'x at 388. There is no private right of action under § 1341. *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (citations omitted); *Wieland v. Dodds*, No. 23-5709, 2025 WL 2217669, at *2 (6th Cir. June 18, 2025) (citations omitted).

A liberal reading of Plaintiff's Complaint does not reveal another basis for federal question jurisdiction under § 1331. Plaintiff may have claims under state law against Defendants. However, federal district courts generally have subject matter jurisdiction in civil actions alleging state law claims only where there is diversity of citizenship and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332. Diversity jurisdiction is lacking here, however. For one thing, Plaintiff and at least one defendant are Michigan citizens.

**Conclusion**

In summary, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint. Therefore, it is **DISMISSING** the Complaint **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2) and Federal Rule of Civil

Procedure 12(h)(3). While Plaintiff may not be able to proceed in federal court, because the dismissal is without prejudice, this does not preclude him from pursuing his claims in a state forum.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: October 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, October 9, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager